```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

10TH STREET PARTNERS, LLC,

       Plaintiff,        Case No.: 8:11-cv-2362-T-33TGW
v.

COUNTY COMMISSION FOR SARASOTA
COUNTY, FLORIDA,

       Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Defendant County Commission for Sarasota County, Florida's Motion for Summary Judgment and Request for Judicial Notice (Doc. # 11), filed on January 3, 2012. Plaintiff 10th Street Partners, LLC filed a response in opposition to the Motion for Summary Judgment (Doc. # 23) on February 24, 2012. For the reasons that follow, Defendant's Request for Judicial Notice is granted and Defendant's Motion for Summary Judgment is denied without prejudice.

### I.   Background

10th Street is the owner of 5.06 acres of property in Sarasota County, Florida, on which 10th Street intends to build a two-story assisted living facility called "Grey Oaks." (Doc. # 1 at ¶ 9). Pursuant to the property's current zoning,

-1-

10th Street could construct a facility housing up to 68 beds on the property. Id. at ¶ 18.  On September 14, 2010, 10th Street's agent, Robert Medred, filed an initial application for Rezone Petition No. 10-13, seeking a rezoning of the property to allow for construction of a facility housing up to 96 beds, a portion of which would house disabled residents with dementia and memory disorders.  (Doc. # 1-1).

The Sarasota County Planning Commission considered 10th Street's zoning variance request at a public hearing on December 16, 2010.  (Doc. # 9-1 at 19-22).  The Planning Commission recommended denial of the petition based upon three findings of fact: (1) the proposed change would not be compatible with the existing land use pattern and designated future land uses; (2) the proposed change would adversely influence living conditions in the neighborhood; and (3) the proposed change would create adverse impacts in the adjacent area or the County in general.  Id. at 21.  10th Street did not request at this hearing a reasonable accommodation under the Americans with Disabilities Act, the Fair Housing Act, or the Rehabilitation Act, nor did the Rezone Petition contain such a request.

The Sarasota Board of County Commissioners considered 10th Street's Rezone Petition and the Planning Commission's

recommendation at a public hearing on February 22, 2011. Medred testified in support of the zoning variance request and explained that the additional 28 beds would "have very little additional impact on the neighborhood, but [would] make it possible to include amenities that will offer a modern, state-of-the-art assisted living and dedicated secure memory care unit within this facility." (Hr'g Tr. Doc. # 7-1 at 13). Dr. Gary Assarian also testified in support of the zoning variance request regarding the amenities and benefits that would be provided to residents, particularly disabled residents, by the proposed facility. Assarian's testimony indicated that the proposed amenities and services would not be economically feasible in a facility constructed on the property at the current zoning density of 68 beds. Id. at 16-21.

Following Assarian's testimony, Medred resumed the presentation and stated that:

> We believe that since our residents are disabled, we believe that the requested zoning change for an additional 28 beds is a reasonable accommodation within the meaning of the Americans with Disabilities Act. And Attorney Joe Herbert with the Icard Merrill Law Firm is here to discuss if you have any of those questions concerning that.

Id. at 23-24.

After the conclusion of Medred's presentation, the Board took comments from the public who spoke primarily about

-3-

traffic concerns posed by the zoning variance request. The Board subsequently posed questions to Medred relating to the potential increase in traffic and other issues, but did not ask any questions regarding 10th Street's reasonable accommodation ADA request and did not ask for Herbert to speak as to that issue. Citing concerns about the proposed facility's "compatibility with this particular neighborhood," the Board voted 5-0 to deny 10th Street's zoning variance request. Id. at 49-50. The Board adopted Substitute Resolution No. 2011-042 on February 22, 2011, which memorialized their decision at the hearing.

On May 9, 2011, 10th Street's counsel sent a demand letter to the Board requesting the Board to re-open the hearing and reconsider its decision on the Rezone Petition. (Doc. # 9-2 at 71-72). The letter stated that "[b]y failing to grant a reasonable accommodation to persons clearly within the ambit of protections from discrimination based on disability, this Commission has committed a violation -- and remains in violation -- of the requirements of the ADA and the FHA as to the Grey Oak facility and its prospective residents." Id. at 72.

The Board responded by letter dated June 16, 2011, stating that:

-4-

> 10th Street Partners alleges a failure to provide a reasonable accommodation associated with higher dwelling unit density. Unfortunately, the record of the proceedings does not indicate why an accommodation of density is necessary. There is no record evidence as to why a density increase is needed to properly afford persons with disabilities the equal opportunity to use and enjoy a dwelling in the neighborhood.

(Doc. # 9-2 at 74). The letter asked 10th Street to provide other evidence which had not been supplied during the proceedings and which would demonstrate the necessity of the requested reasonable accommodation. The letter further stated that the Board would "be in a better position to determine your demand for a reasonable accommodation" once it was in receipt of the requested information. Id.

10th Street's counsel sent a written response to the Board's letter on June 24, 2011, but did not supply additional evidence as requested by the Board, stating in part:

> I understand your desire to have my clients present evidence of an economic analysis of the efficacy and necessity of the requested rezoning. However, the Commission made its determination on the basis of the evidence presented at the hearing on February 22, 2011 and the December 16, 2010 hearing before the Planning Commission. The County Commission did not request additional evidence at that time to support the necessity of the proposed density changes for provision of a dedicated memory care unit. Therefore, the failure of the Commission to grant a reasonable accommodation -- and, therefore, the discriminatory act -- has already taken place.

(Doc. # 9-2 at 76). However, the letter further stated that if the Board elected to re-open the petition for reconsideration, 10th Street would consider providing additional testimony and evidence in support of its reasonable accommodation request. Id.

On July 27, 2011, the Board adopted Resolution No. 2011-147 to specifically deny 10th Street's reasonable accommodation request. The resolution stated in part that:

> Based on evidence and testimony presented in the record from the February 22, 2011 public hearing, and the correspondence exchanged between the parties, the request for a reasonable accommodation for additional density association with Rezone Petition 10-13 is hereby DENIED.

(Doc. # 24-1 at 4).

10th Street filed its complaint on October 19, 2011, alleging a failure to accommodate in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., the Fair Housing Act, 42 U.S.C. § 3604(f), and the Rehabilitation Act, 29 U.S.C. § 794. (Doc. # 1). Prior to conducting discovery, on January 3, 2011, the Board filed the instant Motion for Summary Judgment and Request for Judicial Notice, to which 10th Street responded on February 24, 2012. The Board subsequently filed a motion seeking to transfer the case to Track 1 and to limit discovery and the Court's review

to the administrative record from the zoning proceedings below. (Doc. # 25). After conducting a hearing on the motion, the Magistrate Judge denied the motion to change the case to Track 1 and to limit discovery.

## II. Judicial Notice

Pursuant to Federal Rule of Evidence 201, the Board requests the Court to take judicial notice of certain relevant portions of the Sarasota County Code of Ordinances and Comprehensive Plan.

Rule 201(b) of the Federal Rules of Evidence provides that:

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

F.R.E. 201(b).

"In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)(citing 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5104 at 485 (1977 & Supp.1994)). Further, Rule 201(d) of the Federal Rules of Evidence provides that "A court shall take judicial notice if requested by a party and supplied with the

-7-

necessary information."

10th Street's response does not contain any objection to the Board's request for judicial notice. The Court finds that the above-noted municipal document is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Additionally, the Board has furnished the Court with a copy of the relevant ordinances of which it seeks judicial notice and has provided the internet address for the entire Sarasota County Code of Ordinances. (Doc. # 11-1). Thus, the Court finds it appropriate to take judicial notice of the Sarasota County Code of Ordinances and Comprehensive Plan and grants the Board's request accordingly.

### III. **Summary Judgment**

#### A. **Legal Standard**

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g

Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. See id.

**B. Analysis**

10th Street brings its failure to accommodate claim pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., the Fair Housing Act, 42 U.S.C. § 3604(f), and the Rehabilitation Act, 29 U.S.C. § 794. Under the ADA, "no qualified individual with a disability shall, by reason of such disability, . . . be denied the benefits of the

-9-

services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, discrimination under the Fair Housing Act includes "a failure to make a reasonable accommodation in rules, policies and services when such accommodations may be necessary to afford a handicapped individual with equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(b). Finally, the Rehabilitation Act provides that "[n]o qualified individual with a disability in the United States, . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

Although there are certain differences between the statutes, due to their similarities, courts generally apply the same analysis to reasonable accommodation claims brought under each of the statutes. United States v. Hialeah Hous. Auth., 418 F. App'x 872, 876 (11th Cir. 2011)("We have previously recognized that we look to case law under the Rehabilitation Act and the Americans with Disabilities Act for guidance in evaluating reasonable accommodation claims under the FHA."); Caron Found. of Fla., Inc. v. City of Delray

-10-

Beach, No. 12-80215-CIV, 2012 WL 2249263, *5 (S.D. Fla. May 4, 2012)("Due to the similarity of the ADA and the FHA's protections of individuals with disabilities in housing matters, courts often analyze the two statutes as one."). Additionally, the ADA, FHA, and the RHA all apply to municipal zoning decisions. Caron Found., 2012 WL 2249263 at *5; Oconomowoc Residential Programs v. City of Milwaukee, 300 F.3d 775, 782-83 (7th Cir. 2002).  Accordingly, the Court's analysis applies to 10th Street's claims brought under each of the statutes.

The Eleventh Circuit has discussed failure to accommodate claims on a number of occasions.  In Hialeah Housing Authority, the court enumerated the elements for a failure to accommodate claim as follows: "A plaintiff must establish that (1) he is disabled or handicapped within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) such accommodation was necessary to afford him an opportunity to use and enjoy his dwelling, and (4) the defendants refused to make the requested accommodation." 418 F. App'x at 875.  The court noted that "whether a requested accommodation is required by law is highly fact specific, requiring case-by-case determination." Id.  The Court also explained that "for a demand to be specific enough to trigger the duty to provide

-11-

a reasonable accommodation, the defendant must have enough information to know of both the disability and a desire for an accommodation, or circumstances must at least be sufficient to cause a reasonable [defendant] to make appropriate inquiries about the possible need for an accommodation." Id. at 876.

Furthermore, in Schwarz v. City of Treasure Island, 544 F.3d 1201, 1218-1219 (11th Cir. 2008), the court noted, "[T]he duty to make a reasonable accommodation does not simply spring from the fact that the handicapped person wants such an accommodation made. Defendants must instead have been given an opportunity to make a final decision with respect to Plaintiffs' request, which necessarily includes the ability to conduct a meaningful review of the requested accommodation to determine if such an accommodation is required by law."

The parties disagree on the appropriate scope of review the Court should employ in evaluating Defendant's denial of the zoning variance request and 10th Street's challenge to it. Finding no binding authority on point, Defendant urges the Court to follow several other Circuits by limiting its review "to the materials that were presented to [the] local land use board, except in circumstances where the board prevents applicants from presenting sufficient information." (Doc. # 11 at 9)(citing Lapid-Laurel, LLC v. Zoning Bd. of Adjustment,

284 F.3d 442 (3d Cir. 2001)). Defendant argues that based on the evidence -- or the lack of evidence -- provided by 10th Street to the Board in support of its reasonable accommodation request, 10th Street failed to demonstrate that its requested accommodation was necessary to afford disabled persons an opportunity to use and enjoy a dwelling on the property, as required to establish a reasonable accommodation violation. Specifically, Defendant argues that 10th Street failed to present sufficient evidence establishing "the requested accommodation -- an increase in density that would allow 96 beds instead of 68 beds -- as being necessary to allow persons with a disability to live at this location." (Doc. # 11 at 17). Accordingly, Defendant contends that its denial of 10th Street's zoning variance request did not violate the ADA, FHA, or RHA as a matter of law.

10th Street, on the other hand, asserts that the Court's review is not limited to the administrative record from the zoning proceedings, but rather, the Court may consider any evidence supplied by the parties to evaluate the efficacy of 10th Street's claims, whether or not the evidence was presented to the Board when it made its decision. 10th Street contends that such further evidence will show that its requested accommodation was reasonable and necessary and,

accordingly, that Defendant's denial of the requested accommodation violated the ADA, FHA, and RHA.  Additionally, 10th Street argues that even if the Court were to utilize Defendant's proffered standard, the exception to the rule applies in this case because Defendant prevented 10th Street from presenting sufficient information to support its request.

The Court need not determine at this juncture the appropriate scope of its evidentiary review.  The Court agrees with 10th Street that even if it adopted Defendant's proffered scope of review, disputed issues of material fact remain regarding whether the exception to the rule should apply that would allow the Court to go beyond the evidence provided to the Board in its analysis of 10th Street's claims.  Specifically, 10th Street contends that the Board prevented it from presenting sufficient information in support of its zoning variance request, due to the strict 20-minute time limitation the Board placed on 10th Street at the February 22, 2011, hearing.  10th Street contends that the 20-minute time limitation with a 5 minute rebuttal period did not allow it to sufficiently address the reasonable accommodation request while also necessarily addressing the other related concerns raised by the Board and the public at the hearing.

Although the Board asserts that it did not limit 10th

-14-

Street's testimony at the February 22, 2012, hearing, the transcript of the hearing shows that at the beginning of 10th Street's presentation, Commissioner Nora Patterson stated to 10th Street's representative, Bo Medred, "Bo, you know the drill and you'll have 20 minutes." (Hr'g Tr. Doc. # 7-1 at 11).  At the end of 10th Street's 20 minutes, Patterson interrupted Medred to alert him that the 20 minute period had expired and allowed him an additional 30 seconds to wrap up. Id. at 28. 10th Street's presentation was followed by a public testimony session, a 5-minute rebuttal period by 10th Street, and questions from the Board members, none of which specifically addressed the reasonable accommodation issue, after which the Board voted to deny the zoning variance request.

10th Street contends that it did have more evidence to present to support its reasonable accommodation request if more time had been allowed.  Indeed, the transcript shows that 10th Street specifically informed the Board that its attorney was present to discuss the reasonable accommodation request if the Board had questions about it.  Id. at 23-24.  Furthermore, 10th Street contends that the Board's failure to ask any questions about the reasonable accommodation request also effectively prevented 10th Street from submitting sufficient

-15-

evidence in support. 10th Street asserts that the Board's failure to ask any questions of its attorney on the reasonable accommodation request or request any further evidence in support of the request reasonably led it to believe that its arguments and evidentiary presentation on the issue were sufficient and that further evidence was not needed.

The Court agrees with 10th Street that issues of material fact remain which preclude summary judgment at this time. Based on the time limitation of only 25 total minutes allowed to 10th Street for its presentation and based on the Board's failure to ask to hear the further evidence proffered by 10th Street at the hearing, a jury could reasonably find that the Board prevented 10th Street from submitting sufficient evidence in support of its reasonable accommodation request.

Notwithstanding the above, the Court is mindful that the Board responded to 10th Street's May 9, 2011, demand letter seeking reconsideration of the Board's decision, by requesting 10th Street to provide more evidence demonstrating why 10th Street's requested accommodation was necessary. (Doc. # 9-2 at 74). However, rather than providing the additional evidence at that time, by letter dated June 24, 2011, 10th Street's counsel requested the Board to first re-open the zoning variance petition for reconsideration upon which 10th Street

would consider submitting additional evidence demonstrating the necessity of the accommodation. Id. at 76-78. Based on 10th Street's failure to provide additional evidence in response to the Board's request, the Board adopted Resolution No. 2011-147 on July 27, 2011, which expressly denied the reasonable accommodation request.

Although the Board contends that its June 16th invitation to supply more evidence demonstrates that it did not prevent 10th Street from presenting sufficient evidence in support of its reasonable accommodation request, the Court agrees with 10th Street that questions remain regarding what effect any additional evidence would have had at that point, given that the Board had already denied the zoning variance petition and had not agreed to re-open the petition for reconsideration. Indeed, the Board's Resolution No. 2011-147 expressly states that the Board in fact "cannot reopen the public hearing months after its final action to reconsider Rezone Petition No. 10-13." (Doc. # 24-1 at 3).

Because the Board apparently could not re-open the zoning variance hearing for reconsideration even if 10th Street had provided further evidence on the issue, a jury could reasonably find that Defendant's request for further evidence did not actually provide 10th Street with an opportunity to

present sufficient evidence in support of its reasonable accommodation request. Thus, as it appears that the Board's denial of the accommodation request at the February 22, 2011, hearing was effectively the final decision on the issue, and given that the Court has determined that a genuine issue of material fact remains as to whether the Board prevented 10th Street from presenting sufficient evidence at the hearing, the Court finds that summary judgment is not warranted at this time.

However, the Court notes that even if it were to consider all of the evidence permitted under the Federal Rules in evaluating 10th Street's claims (either by adopting 10th Street's preferred scope of review or by finding that the exception to Defendant's preferred standard applies), although 10th Street claims to possess sufficient evidence to demonstrate that its requested accommodation is reasonable and necessary under the ADA, FHA, and RHA, it does not appear that 10th Street has filed such evidence on the record for the Court's consideration. Instead, 10th Street argues that the summary judgment motion is premature as it was filed prior to discovery taking place and asserts that discovery is necessary to "shed light on a number of issues that are factually material to this action." (Doc. # 23 at 21).

Upon due consideration, the Court determines that Defendant's Motion for Summary Judgment should be denied without prejudice on the issue of whether 10th Street has established entitlement to a reasonable accommodation under the ADA, FHA, or RHA. On the present record, the Court is unable to make the "highly fact-specific" inquiry as to whether the requested increase in density was a required accommodation necessary to afford disabled persons an equal opportunity to use and enjoy a dwelling at this location. After the parties have had the opportunity to engage in discovery, Defendant may reassert the arguments contained in the Motion for Summary Judgment on this issue.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Sarasota County's Request for Judicial Notice (Doc. # 11) is granted and Defendant's Motion for Summary Judgment (Doc. # 11) is denied without prejudice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>20th</u> day of September, 2012.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record